**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

In re:                                                                    Case No. 9-13-bk-01040-FMD

Alba Tylinski                                                         Chapter 13

    Debtor
_____/

**ORDER GRANTING SECURED**
**LENDER, A. WOLF'S MOTION TO DISMISS CASE**

THIS CASE came on for a hearing on March 21, 2013 on the Motion to Dismiss Chapter 13 Case, in addition to Motion for Sanctions-Attorney for Debtor Misconduct Under FED. R. BANKR. P. 9011 (C) and the Court having considered the same and being duly advised in the circumstances, accordingly it is

    **ORDERED:**

    1.    This case be and the same is hereby DISMISSED.

    2.    The Trustee shall disburse sanctions out of the Plan in the total amount of $500.00 in favor of Movant and shall disburse said sanctions to: A. Wolf, c/o Gary Murphee, Esq., Am Law, 7385 SW 87th Avenue, Miami, FL 33173.

    3.    The creditor shall file an Administrative Proof of Claim within twenty one (21) days from date of signed order detailing the above amount to be paid by the Trustee and the address to which the Trustee shall disburse the sanctions award.  The Trustee shall not disburse the sanctions award until the creditor files the claim as outline above.

    4.    The Trustee shall return to the Debtor any monies not previously disbursed and file his final report and upon filing of same, will be discharged of his duties as Trustee.

5.   The Trustee shall deduct from all monies disbursed and to be returned to the Debtor his normal percentage thereof as necessary costs and expenses from sums collected pursuant to 11 U.S.C. 1326(a)(2), together with any fee, charge or amount required under 28 U.S.C. § 586 (e) (2).

6.   The Trustee shall disburse all Trust Fund monies held as adequate protection and for administrative expenses, as provided for in this Court's Order Establishing Duties of Trustee and Debtor etc., to those secured creditors provided for in the Debtor's Chapter 13 Plan and to administrative expense holders.

   a.   The Trustee shall disburse the Trust Fund monies to the secured creditors, either in the total amount due or, if Trust Fund monies prove insufficient, pro rata. These monies shall be paid pursuant to the creditor's proof of claim or, if a claim was not previously filed, pursuant to the terms of the Plan.

   b.   Pursuant to the Order Establishing Duties of the Debtor, if the Debtor's attorney seeks no more in compensation than the Courts Presumptively Reasonableness Fee and additional fees as approved in the Court's Order Establishing Presumptively Reasonable Debtor's Attorney Fee in Chapter 13 Cases, Misc. Pr. 07-02, August 31, 2007, then such fee is hereby deemed to be an allowed administrative expense for purposes of entitlement to Trust Funds. The compensation to Debtor's counsel shall be paid in accordance with the Trust Funds portion of the chapter 13 plan. If a plan payment is insufficient to pay 100 percent of the plan's monthly allocation to the secured creditors and administrative expense creditors, the payment shall be prorated among all creditors having an entitlement to Trust Funds. The Debtor is/are hereby granted leave to file an

objection to the allowance of these attorney fees within fourteen (14) days from the date of this order, if deemed advisable.

7.     The effective date of this Order is delayed fourteen (14) days to permit the Debtor to convert this case to another Chapter under the Bankruptcy Code if the Debtor wishes to do so.

8.     All pending hearings are canceled, except for any Order to Show Cause Hearings the Court may have set.

**DONE** and **ORDERED** in Chambers at Ft. Myers, Florida on March 27, 2013.

*Caryl E. Delano*

Caryl E. Delano
United States Bankruptcy Judge

Copies to be provided by CM/ECF service

JMW/MEC/br                                   C13T 03/25/13